# IN THE
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES CLARK AND ELVIRA CLARK ) | FILED: JULY 15, 2008 |
| ) | 08CV4013 |
| **Plaintiffs,** ) | JUDGE ZAGEL |
| ) | MAGISTRATE JUDGE KEYS |
| v. ) | |
| ) No. | |
| KANE COUNTY, JOHN A. BARSANTI ) | PH |
| KANE COUNTY STATE'S ATTORNEY ) | |
| LISA WOMACK, CHIEF OF POLICE OF ELGIN, ) | |
| and CITY OF ELGIN, ILLINOIS ) | |
| **Defendants** ) | |

## COMPLAINT

Plaintiffs through their attorneys, THOMAS PETERS, MARY DE SLOOVER, FRED MORELLI, and KEVIN PETERS, state:

## COUNT I

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs are residents of Kane County, Illinois and they are the registered owners of a 1999 Dodge truck.

2. Defendant, Lisa Womack, is the Chief of Police of Elgin, Illinois and, in that capacity, she sets and implements the policies of the Elgin Police Department, as they relate to property seized by Elgin police officers. She is sued in her official capacity.

1

3. Defendant, City of Elgin, Illinois, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Lisa Womack.

4. Defendant, City of Elgin, has adopted and ratified the policies and practices of Lisa Womack and the Elgin Police Department with respect to property that is seized and impounded for forfeiture pursuant to the Illinois Drug Asset Forfeiture Act.

5. John A. Barsanti is the elected State's Attorney of Kane County and, in that capacity, his agents and employees implement his policies with respect to forfeiture cases. Mr. Barsanti is sued in his official capacity and no damages are requested as to him.

6. The County of Kane is a necessary party in that any judgment for damages against an elected county official must be paid by the county.

7. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiffs' constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States.

8. All of the acts alleged herein were made under color of state law.

9. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Kane County, Illinois.

## THE FORFEITURE SYSTEM

10. Elgin police officers acting under color of state law, and pursuant to the express and de facto practices and policies of the City of Elgin and Lisa Womack, are authorized to seize motor vehicles for specified narcotics offenses.

11. The seizure at issue here purportedly was made pursuant to 725 ILCS 150/1, the Illinois Drug Asset Forfeiture Procedure Act. (DAFPA)

12. The City of Elgin and Defendant Womack are authorized by state law to take 52 days following a seizure of property to decide whether they intend to recommend that the State's Attorney seek forfeiture of the seized property. 725 ILCS 150\5.

13. During those 52 days it is the policy and practice of Elgin and Womack to refuse to return the seized property upon demand by the owner.

14. The DAFPA does not prohibit Elgin or Womack from holding probable cause hearings during the 52 days allotted to them before they decide whether to recommend forfeiture to Defendant Barsanti.

15. Neither Elgin nor Womack seek judicial review or judicial authorization, during those 52 days, to continue to detain seized property.

16. Once Elgin and Womack recommend the filing of a forfeiture action, Barsanti and the Kane County State's Attorney's office, have an additional 45 days to review the forfeiture recommendation. 725 ILCS 150\6(A).

17. During those 45 days it is the policy and practice of Barsanti and Kane County to refuse to return the seized property upon demand by the owner.

18. The DAFPA does not prohibit Kane County or Barsanti from holding probable cause hearings, during the 45 days allotted to them, before they decide whether to file a forfeiture action.

19. During those 45 days, Kane County and Barsanti refuse to return the seized property upon demand by the owner.

20. During those 45 days, Kane County and Barsanti do not secure judicial approval to continue to detain seized property.

21. When the Kane County State's Attorney's office decides to seek forfeiture, notice is mailed to the last known address of the property owner, who then must file a written claim and post bond.

22. In those cases when the Kane County State's Attorney elects to file a forfeiture action, three to four more weeks pass, following the issuance of notice of forfeiture by the State's Attorney, before the answer and bond are filed with the court.

23. Until such time as an answer is filed and bond is posted, or excused by the court, the property owner does not have the merits of his case reviewed by a judicial officer.

24. Pursuant to these policies and practices, as applied and enforced by the Defendants acting in conjunction with each other, a person from whom property is seized is not afforded a prompt judicial or administrative hearing to determine probable cause to detain the seized property.

### THE SYSTEM APPLIED TO PLAINTIFF

25. On or about April 9, 2008, Plaintiffs' Dodge Ram truck was seized by Elgin police officers.

26. Plaintiffs' son was driving the car when it was stopped and seized by the police. Plaintiffs did not personally violate any laws or ordinances.

27. At that point, Plaintiffs' car was being held pursuant to the DAFPA and Defendants' policy and practice prohibited release of the vehicle until Defendant Barsanti decided whether his office would file for forfeiture of the vehicle.

28. For more than 30 days Defendants, acting in conjunction with each other and in accordance with a unified policy and practice, did not provide a hearing to determine the validity of the continued detention of the seized vehicle.

29. Plaintiffs were ready, willing, and able to pay a bond, towing fees, and storage costs on the day their car was towed for the alleged narcotics violation.

30. From on or about April 9, 2008, the date of the seizure, to the present, Plaintiffs' vehicle has not been released, nor has there been a judicial determination of probable cause to detain the vehicle.

31. Plaintiffs' right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiffs have suffered actual damages.

Wherefore, Plaintiffs pray the Court will a) declare that Plaintiffs have a due process right to a prompt, post-seizure probable cause hearing or the opportunity to post bond and secure the release of the seized vehicle; b) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody

for weeks without a judicial determination of probable cause; and d) award reasonable damages, costs, and attorneys fees.

                            Respectfully submitted,

                            S/ Thomas Peters
                            THOMAS PETERS
                            KEVIN PETERS
                            MARY DeSLOOVER
                            ATTORNEYS FOR THE PLAINTIFF
                            407 S. Dearborn, Suite 1675
                            Chicago, IL 60605
                            312-697-0022